Williams, J.
The findings and judgment of the common pleas court established the plaintiff’s title to the land in controversy, and the invalidity of the tax *166 sale and auditor’s deed under which the defendant claimed. They also established that, upon an accurate statement of an account of the rents and profits received by the defendant from the property during his occupancy under the tax deed, and of the total amount of taxes to which he was entitled, with interest to the time of the judgment, there was a balance due the plaintiff, if the one may be lawfully set off against the other. There was no record before the circuit court on which these findings could be reviewed. This view appears to have been accepted by that court, and, its judgment of reversal is placed solely on the grounds (1), that the plaintiff was not entitled, to judgment for possession, because he had not paid the defendant the taxes which had been previously paid by him, with interest, and (2), that the defendant did not become chargeable with the rents and profits received by him from the property during his occupancy, until payment or tender of the taxes so paid by him, with interest; and, treating the record as showing such payment or tender had not been made by the plaintiff, the defendant was not liable to account in the action, for the rents and profits.
These conclusions, it is claimed are sustained by section 2910 of the Revised Statutes, which reads as follows: “The purchaser of any such lands, his heirs, or assigns, shall, from the day of such purchase, be taken in all courts as the assignee of the state of Ohio; and the amount of taxes and penalties charged on the said land at the time it was sold, together with all legal taxes afterward paid thereon by such purchaser, his heirs, or assigns, shall operate as a lien on said lands, and may be enforced as any other lien. In all cases where any claimant of any lands *167 heretofore sold, or which may hereafter be sold for the non-payment of taxes, under any law of this state, his heirs or assigns shall recover, by action or otherwise, the land so sold as aforesaid for taxes, such claimant, his heirs, or assigns, shall be liable to refund to the purchaser, his heirs or assigns, the amount of taxes and penalties due to the state on the land when sold, together with all other taxes paid thereon by such purchaser, his heirs or assigns, up to the time of recovery, with interest; to be recovered, by action or counterclaim or otherwise, as the case may require; and the same shall be required to be paid to the person or persons entitled thereto, before such person or persons shall be evicted or turned out of possession by any claimant recovering, by action, the land so sold for taxes.”
The construction so claimed for this statute, which, in effect, makes the payment or tender of the amount of the taxes that have been paid by one in possession under a void tax deed, a condition precedent to the right of the owner to maintain his action for the premises and compel an account for the rents and profits while he_ is kept out of possession, appears to be at variance with its language. The section provides, as will be noticed from its reading, that “in all cases where” the owner of land which has been “sold for the non-payment of taxes,” “shall recover” it “by action or otherwise” he “shall be liable to refund to the purchaser the amount of taxes and penalty due to the state on the land when sold, together with all taxes paid thereon by such purchaser up to the time” the plaintiff recovers his judgment, “with interest.” There is nothing in this provision which requires the plaintiff to refund the taxes paid by the purchaser, before he can have his judgment for the land; on the *168 contrary, it authorizes the owner to recover the land by action, which can only take place when judgment is rendered in his favor, and then, in case he shall so recover, a liability is imposed upon him to refund to the purchaser the taxes, etc. This liability may be discharged after the rendition of the judgment, in which the amount of the liability may be definitely ascertained and determined. The subsequent clause of the section provides that these taxes, etc. may be “recovered by action, or counterclaim, or otherwise as the case may require, and shall be required to be paid to the person entitled thereto,” before he "shall be evicted or turned out' of possession” by the owner who recovers the land “by action.” There is no requirement here that the taxes, etc. shall be paid before the recovery of judgment by the owner, but only that they shall be paid by the owner who recovers judgment for the land; which implies that they may be paid after judgment but before actual eviction. The whole section contemplates that the action of ejectment may proceed to final judgment, and that the holder of the tax deed is sufficiently protected by suspending process on the judgment to turn him out of possession until he is reimbursed. Nor, do we find any provision in the statute which denies to the owner who recovers his land from one in possession under a void tax deed, the right to an account for the rents and profits unless he shall first refund to the latter the amount due him for taxes, etc.
The statute nowhere imparts to the void tax deed the effect of securing to its holder the rents and profits of the land, in addition to the repayment of all taxes paid by him, with interest. It specifically defines the rights of the purchaser at the tax sale, and beyond that they cannot be extended. The provision is, that *169 lie shall be taken in all courts as the assignee of the state of Ohio, and the amount of taxes and penalties charged on the land at the time it was sold, together with all legal taxes afterward paid thereon by such purchaser, shall operate as a, lien on said lands, and •may he enforced as any other lien. It cannot be denied that the claim of the state is limited to the amount of the taxes and penalties due on the land at the time of the sale. Their payment would fully discharge the obligation of the owner, leaving in him the right to collect and receive all rents and profits of the land, for his own use and benefit. The purchaser at the tax sale, who, according to the terms of the statute, simply becomes the assignee of the state, occupies no better or different situation. He acquires the lien of the state and may enforce it as any other lien. The auditor’s deed was ineffectual to create title in the defendant, and he was in possession merely as a lienholder. Like other lienholders in possession, he was chargeable in the adjustment of his lien, not only as between him and the owner, but also as between him and other lienholders, with the rents and profits received from the land; and he is entitled to satisfaction of his lien but once. Having received ■such satisfaction from the rents and profits, he had no claim upon the owner for further payment. Anderson v. Lanterman, 27 Ohio St., 104; Johnson v. Stewart, 29 Ohio St., 498. The proper proceeding in such cases is that pursued in the common pleas, where the defendant set up his claim for taxes, by answer in the nature of a counterclaim, and an account was taken of the amount, and of the rents and profits. The party in whose favor there is a balance upon such accounting, is entitled to judgment for the same; and, if that balance is found in favor of the defendant the judg *170 ment for possession of the land cannot be enforced until such balance has been paid or tendered. But when the balance is against him his lien has already been discharged, and he is not entitled to be paid again, nor to withhold possession.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Minshall, C. J., Burket, Spear, Davis and Shauck, JJ., concur.